UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
             *Plaintiff-Appellee,*

v.

SHAWN MICHAEL FOSTER,
             *Defendant-Appellant.*

No. 01-4568

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Joseph Robert Goodwin, District Judge.
(CR-01-44)

Submitted: March 21, 2002

Decided: March 29, 2002

Before NIEMEYER, WILLIAMS, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Michael R. Cline, MICHAEL R. CLINE LAW OFFICE, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, Steven I. Loew, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Shawn Michael Foster pled guilty to one count of possession of a firearm by a felon, in violation of 18 U.S.C.A. §§ 922(g)(1) & 924(a)(2) (West 2000). He appeals his sentence. Foster's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), alleging that the Government should have made a motion for a downward departure under Fed. R. Crim. P. 35(b) based upon Foster's assistance to the Government. Foster has also filed a pro se supplemental brief raising sentencing issues. We affirm.

This court has held that a departure on the grounds of substantial assistance to the government first requires that the government file a motion for the court to depart. *See United States v. Schaefer*, 120 F.3d 505, 508 (4th Cir. 1997). The Supreme Court held in *Wade v. United States*, 504 U.S. 181 (1992), that district courts may review a prosecutor's refusal to file a substantial assistance motion to determine whether the refusal is based on an unconstitutional motive. *Id.* at 185-86. In order to invoke this review, however, a defendant must do more than make "generalized allegations of improper motive," he must make a "substantial threshold showing." *Id.* at 186. A request for downward departure was not presented to the district court by either party in this case, and our review of the record discloses no evidence that the failure of the Government to raise the issue of substantial assistance was based upon an improper motive.

Foster raises two issues related to sentencing in his supplemental brief. He argues that he should not have received a one-point enhancement for possession of an additional two firearms, and two points for possessing stolen firearms, because these allegations were not contained in the indictment and proven beyond a reasonable doubt. Because these are sentencing factors and not elements of the offense required to be charged in the indictment there is no error. *See United States v. Kinter*, 235 F.3d 192, 201-02 (4th Cir. 2000), *cert. denied*, 532 U.S. 937 (2001).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Therefore,

we affirm Foster's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*